**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

)
PEOPLE FOR THE AMERICAN WAY,           )
1101 15th Street NW, Suite 600         )
Washington, DC 20005,                  )
                                       )
                         *Plaintiff*,  )
                                       )
v.                                     )
                                       )
UNITED STATES DEPARTMENT OF            )
EDUCATION,                             )
Lyndon Baines Johnson Department of    )
Education Building                     )
400 Maryland Avenue SW                 ) Case No.  18-cv-1947
Washington, DC 20202,                  )
                                       )
UNITED STATES ENVIRONMENTAL            )
PROTECTION AGENCY,                     )
1200 Pennsylvania Avenue NW            )
Washington, DC 20460,                  )
                                       )
and                                    )
UNITED STATES DEPARTMENT OF            )
AGRICULTURE,                           )
1400 Independence Avenue SW            )
Washington, DC 20250,                  )
                                       )
                        *Defendants*.  )
_____)

## COMPLAINT

1.      Plaintiff People For the American Way brings this action against the United States

Department of Education, the United States Department of Agriculture, and the United States

Environmental Protection Agency under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and

injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.     Because the Defendants have failed to comply with the applicable time-limit provisions of FOIA, People For the American Way is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.  Specifically, as outlined below, the agencies should be ordered to release:

   a.  all written correspondence, logs of calls, or records of meetings between or involving Pastor Ralph Drollinger, Danielle Drollinger, or any other member of Capitol Ministries, and Secretary of Education Betsy DeVos or her representatives, Secretary of Agriculture George "Sonny" Perdue or his representatives, or former Environmental Protection Agency Administrator H. Scott Pruitt or his representatives;

   b.  All records of the attendance of Secretary DeVos, Secretary Perdue, or former Administrator Pruitt at Capitol Ministries' "Cabinet Member Bible Study" events, including calendar items and correspondence involving the events;

   c.  All written correspondence between Secretary DeVos, Secretary Perdue, former Administrator Pruitt, or their representatives and any

nongovernmental organizations and individuals concerning Mr. Drollinger

or Capitol Ministries;

**d.**  All other materials received by defendants from Ralph Drollinger,

Danielle Drollinger, or any other representative of Capitol Ministries.

## **PARTIES**

5.      Plaintiff People For the American Way ("PFAW") is a progressive advocacy

organization founded to fight right-wing extremism and defend constitutional values including

free expression, religious liberty, equal justice under the law, and the right to meaningfully

participate in our democracy.  PFAW is a nonprofit organization under section 501(c)(4) of the

Internal Revenue Code and is incorporated under the laws of the District of Columbia.

6.      Right Wing Watch ("RWW") is dedicated to monitoring and exposing the

activities and rhetoric of right-wing organizations, activists, and public officials in order to

expose their agenda.  Its researchers monitor dozens of broadcasts, emails, websites, and events;

file FOIA requests; and use their expertise on right-wing movements to analyze and distill that

information for media, allies, and the general public.  By shedding light on the activities of right-

wing movements, RWW helps to expose the risks that their extreme and intolerant agendas

present to the country.  RWW does not endorse the views of groups that it reports on.  RWW is a

project of PFAW and is not a separate corporate entity; RWW filed the FOIA requests that are

the subject of this litigation.

7.      Defendant U.S. Department of Education ("DOE") is a department of the

executive branch of the U.S. government headquartered in Washington, DC, and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1).  On information and belief,

3

the Department of Education has possession, custody, and control of the records that Plaintiff seeks from the Department of Education.

8.      Defendant U.S. Department of Agriculture ("USDA") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).  On information and belief, the Department of Agriculture has possession, custody, and control of the records that Plaintiff seeks from the Department of Agriculture.

9.      Defendant U.S. Environmental Protection Agency ("EPA") is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).  On information and belief, the Department of Agriculture has possession, custody, and control of the records that Plaintiff seeks from the Environmental Protection Agency.

## **STATEMENT OF FACTS**

### **The Capitol Ministries Bible Study**

10.      On information and belief, Capitol Ministries is a private religious group dedicated to influencing public policy through religious teaching of government officials. Capitol Ministries leads in-person Bible studies with public officials and publishes a weekly written Bible study that is distributed to public officials.

11.      On April 20, 2017, the website *Splinter* reported that Secretary DeVos, Secretary Perdue, and Administrator Pruitt (among several other Cabinet officials) have sponsored Mr. Drollinger's Capitol Ministries Bible Study.  The *Splinter* article reported that Drollinger's "mission" was to "create a 'factory' to mass-produce politicians" of a certain philosophy.

12.     On July 31, 2017, the Christian Broadcasting Network published an article observing that Capitol Ministries had worked to establish a White House Bible study group as early as fall 2016.  The article described the mission of Capitol Ministries as the "idea that if you change the hearts of lawmakers, then their Christian worldview will guide them to make good policies."

13.     On January 2, 2018, Right Wing Watch reported that Mr. Drollinger's first written Bible study guide of 2018 instructed public officials that "'a proper biblical understanding' of sin should influence their 'thinking and formation regarding public policy.'" Right Wing Watch further quoted Mr. Drollinger as stating "May this be a basic conviction and understanding relative to your God-given job as a leader in Government; may your convictions be based upon a scripturally solid understanding of sin."

14.     On February 16, 2018, Right Wing Watch reported that although Mr. Drollinger stated that he did not lobby public officials, he did "instruct public officials that the Bible mandates adherence to right-wing policy positions on a wide range of issues, including environmental regulation, the death penalty, abortion, LGBTQ equality and more."

15.     Although PFAW strongly believes that cabinet members, like other individuals, are free to engage in religious Bible study, members of the public also have a right, under FOIA, to know about the content of efforts by Mr. Drollinger (or anyone) to influence cabinet members to support "right-wing policy positions" through Bible study.

**DOE's Failure To Properly Respond To RWW's FOIA Request:**

16.     As described below, Right Wing Watch submitted a FOIA request with the Department of Education on October 25, 2017, seeking documents that would shed light on a

matter of significant public concern: the attempts of Mr. Drollinger to influence public policy through access to government officials via private Bible study sessions.

17.     Specifically, RWW's request sought:

    a.  All written correspondence, logs of calls, or records of meetings between or involving Secretary DeVos or her representatives and Ralph Drollinger, Danielle Drollinger, or any other representative of Capitol Ministries;

    b.  All records relating to Secretary DeVos's attendance at Capitol Ministries' "Cabinet Member Bible Study" events, including calendar items and correspondence involving the events;

    c.  All written correspondence between Secretary DeVos or her representatives and other nongovernmental organizations and individuals concerning Mr. Drollinger or Capitol Ministries; and

    d.  All other materials received by DOE from Ralph Drollinger, Danielle Drollinger, or any other representative of Capitol Ministries.

18.     RWW's request was received by DOE on November 1, 2017.

19.     RWW requested a fee waiver, which was denied on February 23, 2018.

20.     On April 17 and on May 3, 2018, RWW contacted DOE.  A representative of DOE reported that the request was still with the Office of the Secretary.

21.     To date, DOE has not made a determination regarding RWW's FOIA request described above or communicated further with RWW, notwithstanding its obligation under FOIA to make a determination within twenty working days and despite several follow-up calls and emails by RWW.

22.     This is despite the fact that, on information and belief, DOE has produced documents to a different FOIA requester based on a more-limited FOIA request concerning the Drollinger Bible Study sessions.

23.     Through DOE's failure to respond to RWW's FOIA request within the required time period, RWW has constructively exhausted its administrative remedies and seeks immediate judicial review.

24.      As of the date of this complaint, DOE has failed to: (a) notify RWW of any determination regarding the requests, including the scope of any responsive records DOE intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

**USDA's Failure To Properly Respond To RWW's FOIA Request**

25.     As described below, RWW filed a FOIA request with USDA seeking documents that would shed light on a matter of significant public concern: the attempts of Mr. Drollinger to influence public policy through access to government officials via private Bible study sessions.

26.     Specifically, RWW's request sought:

    a.  All written correspondence, logs of calls, or records of meetings between or involving Secretary Perdue or his representatives and Ralph Drollinger, Danielle Drollinger, or any other representative of Capitol Ministries;

    b.  All records relating to Secretary Perdue's attendance at Capitol Ministries' "Cabinet Member Bible Study" events, including calendar items and correspondence involving the events;

    c.   All written correspondence between Secretary Perdue or his representatives and other nongovernmental organizations and individuals concerning Mr. Drollinger or Capitol Ministries; and

    d.   All other materials received by USDA from Ralph Drollinger, Danielle Drollinger, or any other representative of Capitol Ministries.

27.    RWW's request was received by USDA on November 6, 2017.

28.    RWW sent follow-up emails to USDA representatives Cheryl Kluwe and Christine Jordan on February 20, 2018, and April 17, 2018.

29.    On May 2, 2018, Christine Jordan wrote that she had forwarded new contact information for RWW's representatives to USDA Departmental FOIA Officer Alexis Graves.

30.    To date, USDA has not made a determination regarding RWW's FOIA request described above, or communicated further with RWW, notwithstanding its obligation under FOIA to make a determination within twenty working days and despite several follow-up calls and emails by RWW.

31.    Through USDA's failure to respond to RWW's FOIA request within the required time period, RWW has constructively exhausted its administrative remedies and seeks immediate judicial review.

32.    As of the date of this complaint, USDA has failed to (a) notify RWW of any determination regarding the requests, including the scope of any responsive records USDA intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

**EPA's Failure To Properly Respond To RWW's FOIA Request**

33.     As described below, RWW filed a FOIA request with EPA seeking documents that would shed light on a matter of significant public concern: the attempts of Mr. Drollinger to influence public policy through access to government officials via private Bible study sessions.

34.     Specifically, RWW's request sought:

      a.  All written correspondence, logs of calls, or records of meetings between or involving former Administrator Pruitt or his representatives and Ralph Drollinger, Danielle Drollinger, or any other representative of Capitol Ministries;

      b.  All records relating to former Administrator Pruitt's attendance at Capitol Ministries' "Cabinet Member Bible Study" events, including calendar items and correspondence involving the events;

      c.  All written correspondence between former Administrator Pruitt or his representatives and other nongovernmental organizations and individuals concerning Mr. Drollinger or Capitol Ministries; and

      d.  All other materials received by EPA from Ralph Drollinger, Danielle Drollinger, or any other representative of Capitol Ministries.

35.     RWW submitted its request to EPA on October 25, 2017.

36.     RWW's request was received by EPA on October 31, 2017.

37.     On November 20, 2017, EPA reported to RWW that records would be coming from the Office of the Administrator.

38.     On February 28, 2018, EPA reported that the anticipated completion date for the request would be May 20, 2019, with possible interim releases beforehand.

39.     On May 7, 2018, EPA revised the anticipated completion date to April 26, 2019.

40.     To date, other than as described above, the Environmental Protection Agency has not made a determination or communicated with RWW regarding RWW's FOIA request described above, notwithstanding its obligation to make a determination within twenty working details and despite several follow-up calls and emails by RWW.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records

41.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

42.     Plaintiff properly requested records within the possession, custody, and control of each of the Defendants.

43.     Each of the Defendants is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

44.     The Defendants have failed to promptly review agency records for the purpose of locating those records responsive to RWW's FOIA requests.

45.     The Defendants' failure to search for responsive records violates FOIA.

46.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring each of the Defendants to promptly make reasonable efforts to search for records responsive to RWW's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

47.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48.     Plaintiff properly requested records within the possession, custody, and control of the Defendants.

49.     Each of the Defendants is an agency subject to FOIA and must therefore release, in response to a FOIA request, any disclosable records, and provide a lawful reason for withholding any materials.

50.     The Defendants are wrongfully withholding agency records requested by Plaintiff by failing to produce records responsive to its FOIA requests.

51.     The Defendants' failure to provide all responsive records violates FOIA.

52.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring each of the Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

(1) Order each Defendant to immediately conduct a search reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests;

(2) Order each Defendant to produce, by such a date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA requests and indexes of any responsive records withheld under claim of exemption;

(3) Enjoin the Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 20, 2018                    Respectfully submitted,

                                          */s/ Craig Goldblatt*
                                          Craig Goldblatt
                                          D.C. Bar No. 449229
                                          Samuel M. Strongin
                                          D.C. Bar No. 240970
                                          WILMER CUTLER PICKERING HALE AND
                                          DORR LLP
                                          1875 Pennsylvania Avenue NW
                                          Washington, DC 20006
                                          (202) 663-6000 (phone)
                                          (202) 663-6363 (fax)
                                          craig.goldblatt@wilmerhale.com
                                          samuel.strongin@wilmerhale.com

                                          Arjun K. Jaikumar (*pro hac vice* motion to
                                          follow)[*]
                                          WILMER CUTLER PICKERING HALE AND
                                          DORR LLP
                                          60 State Street
                                          Boston, MA 02109
                                          (617) 835-2018 (phone)
                                          arjunjaikumar@gmail.com

                                          */s/ Diane Laviolette*
                                          Diane Laviolette
                                          D.C. Bar No. 457844
                                          */s/ Elliot Mincberg*
                                          Elliot Mincberg
                                          D.C. Bar No. 941575
                                          PEOPLE FOR THE AMERICAN WAY
                                          FOUNDATION
                                          1101 15th Street NW, Suite 600
                                          Washington, DC 20005
                                          (202) 467-4999
                                          emincberg@pfaw.org
                                          dlaviolette@pfaw.org

                                          *Counsel for Plaintiff*

_____

[*] Admitted to practice only in Massachusetts and New York.  Supervised by members of the firm who are members of the District of Columbia Bar.